**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JOSE CRISTOBAL CRUZ and
JOSE O. CRUZ,

                Plaintiffs,

-against-

THE INCORPORATED VILLAGE OF
HEMPSTEAD, JOSEPH GILL AS
TREASURER OF THE INCORPORATED
VILLAGE OF HEMPSTEAD, COUNTY
ACQUISITIONS LLC, and U.S. BANK N.A.,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**

23-CV-1638(GRB)(SIL)

**GARY R. BROWN**, United States District Judge:

    Presently before the Court is a motion for an order to show cause seeking a preliminary injunction barring defendants from proceeding against them in two related state court actions, both of which emanate from an attempted foreclosure of real property occupied by plaintiffs. DE 5.

    While plaintiffs' complaint originally sought to enjoin proceedings in two separate actions in state court, *see* Compl., DE 1, judgment has since been entered against plaintiffs in one action pending before the Supreme Court of New York, Nassau County ("Title Action"). In that action, County Acquisitions LLC was awarded title to the premises free and clear of all liens and encumbrances on March 7, 2023. *See* State Court Judgment, DE 5-13 at 4. Plaintiffs simultaneously filed this application seeking to bar enforcement of the judgment and a state court appeal challenging the outcome. *See* Counsel Aff., DE 5-1 at ¶ 19. The second state court action pending before the Nassau County District Court is an eviction action scheduled for trial on March

1

24, 2023 ("Eviction Action").  For the following reasons, plaintiffs' motion for preliminary relief is DENIED.

### Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To be entitled to relief, plaintiffs must demonstrate "'(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction.'" *Leddy v. Becerra*, No. 22CV4252GRBLGD, 2022 WL 2978620, at *4 (E.D.N.Y. July 28, 2022) (quoting *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir. 2011)).

### Title Action

To the extent plaintiffs seek to enjoin enforcement of the title judgment, such relief is barred the Anti-Injunction Act.  *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). That the injunction sought herein is aimed at a litigant and seeks to bar enforcement of a judgment already rendered is immaterial.  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").  As such, there can be no dispute that § 2283 applies here.

One exception in the text, applicable to orders "necessary in aid of jurisdiction" simply does not apply here.  Courts generally examine two factors when assessing the applicability of this

section: (1) whether the state court has already rendered a decision; and (2) whether the party seeking the injunction can raise federal claims in the state court proceeding. *See Armstrong v. Real Est. Int'l, Ltd.*, No. 05 CV 5383(SJ), 2006 WL 354983, at *4 (E.D.N.Y. Feb. 14, 2006) (finding exception not met where the housing court had already ruled on the warrant of eviction and plaintiff had no federal claims or defenses that could not be asserted in state court). Neither element is present here. While judgment appears to have been entered in the Title Action, there has been no showing that plaintiffs have any claims or defenses that could not be considered by the New York Supreme Court. Indeed, a review of the judgment in that action reveals that the plaintiffs raised the same or substantially similar arguments in that case that they raise here. *See* State Court Judgment, DE 5-13 at 3 ("Defendants [sic] arguments pertaining to Human Rights of the State of New York, Executive Law Section 296 are wholly inapplicable as this matter pertains to the collection and enforcement of property taxes and not deprivation of access to housing.").

Further, plaintiffs have failed to make the requisite showing necessary to obtain a preliminary injunction as the harm sought to be prevented has already occurred. *See Brooks v. Aiden 0821 Cap. LLC*, No. CV196823GRBAYS, 2020 WL 4614323, at *4 (E.D.N.Y. July 22, 2020) ("Preliminary injunctive relief is inappropriate where the alleged irreparable harm has already occurred.") (quoting *Alpha Founders Holding, LLC v. Magellan Health Inc.*, No. 17-CV-6225, 2018 WL 1247405, at *5 (E.D.N.Y. Mar. 9, 2018)).

As such, plaintiffs' motion for a preliminary injunction to bar enforcement of the Title Action judgment is DENIED.

**Eviction Action**

In the Eviction Action, trial is currently scheduled to proceed on March 24, 2023. The relief sought by plaintiffs' here is unavailable as this claim is not justiciable and, assuming *arguendo* that it was, relief nonetheless remains barred by the Anti-Injunction Act.

For a claim to be justiciable, there must be an actual case or controversy before the Court. "A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). Entertaining plaintiffs' motion would require the Court to presume a negative outcome for plaintiffs in the Eviction Action. Such reliance on contingent events is flatly impermissible. Put another way, plaintiffs cannot satisfy the strict requisites for preliminary relief when they could well prevail in the Eviction Action, undermining the necessary showing.

Assuming the matter to be justiciable, denial is nonetheless warranted. Plaintiffs are seeking an extraordinary remedy—enjoining a state court from proceeding with a matter properly before it. *See Atl. Coast Line R. Co.*, 398 U.S. at 286 ("[F]rom the beginning we have had in this country two essentially separate legal systems. Each system proceeds independently of the other"). The "necessary in aid of jurisdiction" exception cannot apply because plaintiffs have made no showing that any claims or defenses they seek to raise would be unable to be heard therein. *See* N.Y. Real Prop. Actions and Proceedings L. § 743 (stating that, in summary proceeding to recover possession of real property, "[t]he answer may contain any legal or equitable defense, or counterclaim.").

As above, plaintiffs also fail to meet the requirements necessary for issuance of an injunction. The *sine qua non* of entitlement to a preliminary injunction is a showing of irreparable

harm that is actual or imminent, not remote or speculative. *See Brooks v. Aiden 0821 Cap. LLC*, No. CV196823GRBAYS, 2020 WL 4614323, at *4 (E.D.N.Y. July 22, 2020) (denying injunctive relief under similar circumstances). The harm sought to be prevented by plaintiffs is speculative and the application must be denied.

As such, plaintiffs' motion for an order to show cause seeking a preliminary injunction is DENIED. Counsel should file a letter forthwith indicating whether, in light of the above, the case should be closed.

**SO ORDERED.**

Dated: Central Islip, New York
       March 10, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge